UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ARTHUR MOORE,

        Plaintiff,

-vs-

SGT GRAVES, and LT. GRANGER,

        Defendants.

MEMORANDUM AND ORDER

14-CV-6687-CJS

**Siragusa, J.** This prisoner civil rights case is before the Court on Defendants' motion to dismiss, filed on August 18, 2017, ECF No. 28. During initial screening of the original complaint, the Court identified several aspects of the complaint that failed to state a cause of action and provided detailed reasons why. Amended Order, Mar. 24, 2017, ECF No. 24. The Court directed Plaintiff to amend the complaint by April 28, 2017, and advised him as follows:

> Plaintiff is advised that an amended complaint is intended to completely replace the prior Complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *International Controls Corp. v. Vesco,* 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom., Vesco & Co., Inc. v. International Controls Corp.,* 434 U.S. 1014 (1978); *see also Shields v. Citytrust Bancorp, Inc.,* 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, Plaintiff's Amended Complaint must include all of the allegations against each of the Defendants so that the Amended Complaint may stand alone as the sole Complaint in this action which the Defendants must answer.

*Id.* at 11. Plaintiff failed to file an amended complaint by the date set in the order.

On August 18, 2017, Defendants moved to dismiss Plaintiff's complaint. ECF No. 28. On November 29, 2017, Plaintiff moved for an extension of time to respond and requested *pro bono* counsel. ECF No. 32. In a decision and order docketed on December 19, 2017, ECF

No. 35, the Court denied the request for counsel, and extended Plaintiff's time to file an amended complaint, which Plaintiff did on February 1, 2018, ECF No. 39.

The Court determines that the filed amended complaint fails to state a cause of action for which relief is available. 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(a). Accordingly, it dismisses the complaint and closes this case.

Plaintiff's amended complaint attempts to raise a claim under New York Penal Law § 195.00, official misconduct; an employee manual provision concerning "lawful comportment"; New York Civil Rights Law § 50-A, personnel records of police officers, firefighters and correction officers; and New York Corrections Law § 138, institutional rules and regulations for inmates at all correctional facilities. Despite the Court's detailed guidance in its March 24 Order, ECF No. 24, the amended complaint consists entirely of conclusory statements about the various legal provisions Plaintiff cites. Plaintiff's amended complaint states no facts, despite the Court admonishment that the amended complaint would completely replace the original complaint. Accordingly, it is hereby

ORDERED, that Plaintiff's amended complaint is dismissed pursuant to 28 U.S.C. §§ 1915 and 1915A; and it is further

ORDERED, that the Clerk enter judgment for defendants and close this case.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order and Judgment would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is hereby denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Plaintiff should direct any request to proceed on appeal as a poor person, by formal motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

DATED:	January 14, 2019
	Rochester, New York

	<u>/s/ Charles J. Siragusa</u>
	CHARLES J. SIRAGUSA
	United States District Judge